**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>                       Plaintiff,<br><br>   v.<br><br>REUBEN VAISMAN-TZACHOR,<br><br>                   Defendant. | Case No. 26-cv-2728-BAS-VET<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY (ECF No. 2)** |

On April 29, 2026, Plaintiff—using the pseudonym "Jane Doe"—filed a complaint against Defendant, alleging (1) medical malpractice / professional negligence and (2) intentional infliction of emotional distress. (ECF No. 1.) Presently before the Court is Plaintiff's motion for leave to proceed anonymously. (ECF No. 2.) Upon review, the Court finds good cause to apply an exception and to allow Plaintiff to maintain anonymity in litigating this action.[1] Therefore, the Court **GRANTS** the motion.

---

[1] Plaintiff's motion states: "Plaintiff was required to file this motion in tandem with her complaint due to the impending statute of limitations deadline for professional negligence claim against Defendant." (Mot. Anon. 2:10–12, ECF No. 2.) Notwithstanding the simultaneous filings, the Court reviews the motion on the merits. *See Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) ("Because Doe was not required to first file a motion to proceed anonymously before filing his complaint, I will analyze the motions on the merits.").

- 1 -

26cv2728

As alleged in the complaint, Plaintiff entered treatment at a facility in January 2025. (Compl. ¶ 5, ECF No. 1.) Defendant was one of the facility's licensed psychologists. (Compl. ¶ 8.) In Plaintiff's complaint, she mentions that during her college years, she was a victim of rape by one of her professors and mentors. (Compl. ¶¶ 5, 12.) She has also been a victim of additional abuse throughout her lifetime, all of which contributed to her need and desire to seek help. (*Id*.)

Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint. Fed. R. Civ. P. 10. And the default rule in this circuit is "that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010).

It is thus an exception, and not the norm, for a party to proceed under a fictitious name. *See Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067–68 (9th Cir. 2000). A district court may allow a party to preserve his or her anonymity "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

Here, Plaintiff states in her complaint that she was a victim of rape as a student and other abuse. The Court finds that the sensitive and personal nature of the alleged harm outweighs any prejudice to Defendant and the public's interest in disclosure of Plaintiff's identity. *See id*. (recognizing that a plaintiff may use a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature" (internal quotation marks omitted)).

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed anonymously as Jane Doe. (ECF No. 2.) The Court **ORDERS** the parties to use the pseudonym Jane Doe to refer to the Plaintiff in all filings.

**IT IS SO ORDERED.**

**DATED: May 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv2728