**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>                                            Plaintiff,<br><br>     v.<br><br>REUBEN VAISMAN-TZACHOR,<br><br>                                          Defendant. | Case No. 26-cv-2728-BAS-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION TO SERVE PROCESS BY ALTERNATIVE MEANS (ECF No. 7)** |

Presently before the Court is Plaintiff's ex parte motion to serve process on Defendant by alternative means pursuant to Federal Rules of Civil Procedure 4(e)(2)(a), 4(e)(2)(b), and 4(m). (ECF No. 7.) Plaintiff states that she has attempted to serve Defendant ten times through a service and investigation company. (*Id*. at 6:16–9:27; Hehir Decl. ¶ 3–10, ECF No. 7-1.)

Under Rule 4(e)(1), a plaintiff may serve an individual located within the United States by using any method allowed by the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(e)(1). California—the state in which the Court sits—allows for five basic methods of service: (1) personal delivery to the party; (2) delivery to someone else at the party's usual residence or place of business; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. *See* Cal.

- 1 -

Code Civ. Proc. §§ 415.10–50. Alternatively, California Code of Civil Procedure section 413.30 permits the court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." Cal. Code Civ. Proc. § 413.30. Section 413.30 permits alternate service without requiring exhaustion of California's other enumerated methods. *See, e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June 25, 2018).

The alternative method of service must also "comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Plaintiff requests two alternative methods of service: (1) service by registered first class mail to Defendant's known addresses, and (2) service by electronic mail to Defendant's known email addresses.

Upon review, finding good cause, the Court **GRANTS IN PART and DENIES IN PART** the ex parte motion. The Court grants the motion to serve Defendant by registered first class mail to Defendant's known addresses, as noted in California civil procedure rules. However, the Court denies without prejudice the motion to serve Defendant by electronic mail; Plaintiff has neither provided the email addresses nor shown that the addresses receive messages.[1] *See, e.g.*, *Smith v. Doe*, No. 2:23-CV-05033-WLH-RAO, 2024 WL 4800089, at *1 (C.D. Cal. Oct. 31, 2024) ("Plaintiff has sufficiently demonstrated that service to Defendant B.F.'s email address – which was identified through subpoenas issued to Google LLC and Apple Inc. and contains B.F.'s name – is a method of service reasonably calculated to give actual notice, thereby comporting with due process requirements.").

Ordinarily, Rule 4(m) provides a plaintiff with ninety (90) days to serve a defendant, but "if the plaintiff shows good cause for the failure, the court must extend the time for

---

[1] Although Plaintiff provides suggested email addresses in the Proposed Order, she still does not explain where the addresses came from or whether they are valid.

26cv2728

service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the Court finds good cause for the failure to timely serve, given the multiple attempts outlined in the motion. Therefore, the Court extends the time for service.

Plaintiff shall serve Defendant through the alternative method of service granted on or before **September 18, 2026**. Plaintiff shall file proof of service on the docket on or before **September 25, 2026**.

**IT IS SO ORDERED.**

**DATED: August 5, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2728